**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4385**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARTHUR CLARENCE WRIGHT,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00150-WO-1)

───────────────

Submitted: October 20, 2010      Decided: October 29, 2010

───────────────

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Arthur Wright pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2006). The district court sentenced him to 195 months' imprisonment. On appeal, Wright challenges his sentence, maintaining that it is unreasonable because it is longer than necessary to accomplish the purposes of 18 U.S.C. § 3553(a) (2006). For the reasons stated below, we disagree and affirm his sentence.

This court reviews a sentence for reasonableness, using a deferential "abuse of discretion" standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining whether a sentence is procedurally reasonable, we must first assess whether the district court properly calculated the defendant's advisory guideline range.[*] Id. at 50. We must then assess whether the district court failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on

_____

[*] Wright does not challenge on appeal the computation of the advisory guidelines range.

2

"clearly erroneous facts," or failed to sufficiently explain the sentence. Gall, 552 U.S. at 50-51.

At sentencing, the district court adopted the presentence report ("PSR"), which proposed an advisory guidelines sentencing range of 180 to 210 months' imprisonment, without objection. After considering the parties' arguments and with reference to the § 3553(a) factors, the district court imposed a 195-month sentence.

The district court explained that its sentence was largely predicated on Wright's long criminal history. As documented in his PSR, Wright repeatedly engaged in criminal activity almost immediately upon being released from custody, despite having served numerous terms of imprisonment, including a lengthy state sentence for arson. The district court commented on Wright's manifest disrespect for the law: "it's hard . . . to conceive how at this point, given the history that you showed, if you were not in prison how you would survive without involving yourself in additional criminal conduct." The district court also found that Wright had a long-term substance abuse problem and determined that he could benefit from receiving substance abuse counseling while incarcerated. Hence, we conclude that the court's analysis and its concomitant explanation for Wright's sentence were sufficient, and this

3

sentence is procedurally reasonable.  See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

Having established the procedural reasonableness of Wright's sentence, we must turn to the substantive reasonableness of the sentence.  In doing so, we "tak[e] into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).  Finally, this court affords a presumption of reasonableness to a sentence that, like this one, is imposed within the properly calculated Guidelines range.  See United States v. Wright, 594 F.3d 259, 267 (4th Cir. 2010); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for a within-Guidelines sentence).

Wright contends that his age and his attempt to become a productive member of society by recently starting a landscaping business rebut the presumption of reasonableness in this case.  Although Wright would have preferred that the district court gave greater weight to his personal characteristics, such as his age and the initiative he showed in starting a landscaping business, its refusal to do so does not constitute an abuse of discretion.

A defendant's criminal history and pattern of recidivism are relevant to the assessment of several of the statutory sentencing factors. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). And, it is the district court, not this court, that is entrusted with the responsibility to balance these factors and fashion a reasonable sentence. See United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010) ("[A]n appellate court should give due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justify the sentence.") (internal quotation marks and alterations omitted). When viewed in the totality of the circumstances, we conclude that Wright's 195-month sentence is substantively reasonable.

Because we determine that the sentence in this case was both procedurally and substantively reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5